UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>STEVEN C. MANNION<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2064<br>NEWARK, NJ 07101<br>973-645-3827 |

July 13, 2016

**LETTER ORDER/OPINION**

Re:   D.E. 8, Application for Appointment of Pro Bono Counsel

**Niblack v. Miglio et al**
**Civil Action No. 16-cv-747 (MCA)(SCM)**

Dear Litigants:

This matter comes before the Court upon review of Plaintiff, Stanley Niblack's ("Mr. Niblack") Application for Appointment of *Pro Bono* Counsel.[1] The Court has reviewed the parties' pleadings and Mr. Niblack's Application.[2] For the reasons set forth herein, the Application is **denied**.

District courts are granted broad discretion to appoint attorneys to represent indigent civil litigants, 28 U.S.C. § 1915 (d), (e)(1), but "civil litigants possess neither a constitutional nor a statutory right to appointed counsel."[3] Moreover, though Congress has empowered district courts to "request" counsel for civil litigants, courts cannot "require" an unwilling attorney to serve as counsel.[4]

This Court must therefore "take note of the significant practical restraints on the district courts' ability to appoint counsel: . . . the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation."[5]

When evaluating a request for the appointment of *pro bono* counsel, a district court should first determine whether the plaintiff's claim "has arguable merit in fact and law."[6] The Third Circuit has

---

[1] (ECF Docket Entry No. ("D.E.") 8).

[2] (D.E. 10, Opposition Brief).

[3] *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456-67 (3d Cir. 1997)).

[4] *Id.* (citing 28 U.S.C. § 1915 (e)(1)); *see also Christy v. Robinson*, 216 F. Supp. 2d 398, 406 n. 16 (D.N.J. 2002) (citing *Mallard v. United States Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 301-02 (1989)).

[5] *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993).

[6] *Id.* at 155.

articulated an analytical framework that district courts must use in exercising their discretion.[7] The analysis begins with a threshold assessment of the merits of the case.[8]

If the court first finds "some arguable merit in fact and law," then it must go on to weigh a series of considerations known as the *Tabron* post-threshold factors.[9] These factors include: (1) the plaintiff's ability to present his case; (2) the complexity of the legal issues involved; (3) the extent of factual discovery and the plaintiff's ability to investigate and to comply with complex discovery rules; (4) the extent to which the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the plaintiff can afford counsel on his or her own behalf.[10]

For the purpose of evaluating these threshold factors, the Court assumes "solely for the purpose of this [request]" that Mr. Niblack's case has "some arguable merit in fact and law."[11] The Court need not undertake a detailed analysis of this point, however, because application of the *Tabron* post-threshold factors overall weighs against appointment of *pro bono* counsel at this time.

1. Mr. Niblack's Ability To Present His Case

The first factor has been identified as "perhaps the most significant."[12] For this factor the Court considers Mr. Niblack's "education, literacy, prior work experience, and prior litigation experience."[13] As additional guidance, the Third Circuit has noted that courts should consider the plaintiff's ability to present his case "[i]n conjunction with . . . the difficulty of the particular legal issues."[14]

Mr. Niblack states that he requests the appointment of *pro bono* counsel due to a medical condition which prevents him from writing or typing legal documents, and consequently limits his time and ability to litigate the present matter.[15] However, a Declaration signed by Mr. Ralph Woodward, Managing Physician of the Health Services Unit at the New Jersey Department of Corrections, states that Mr. Niblack's medical record does not support Mr. Niblack's claim that he cannot or should not write or type.[16] Moreover, thus far Mr. Niblack has managed to adequately present his case to the Court and his adversaries, despite his stated medical condition. For example, without aid, Mr. Niblack filed a 15-page typed complaint against multiple defendants citing statues and

---

[7] *See Montgomery*, 294 F.3d at 492; *Parham*, 126 F.3d at 454; *Tabron*, 6 F.3d at 147.

[8] *Montgomery*, 294 F.3d at 498-99 (internal citations omitted).

[9] *Id.* at 499.

[10] *Tabron*, 6 F.3d at 156; *see also Parham*, 126 F.3d at 461.

[11] *Montgomery*, 294 F.3d at 499.

[12] *Id.* at 501.

[13] *Id.* (internal quotation marks omitted) (citing *Tabron*, 6 F.3d at 156).

[14] *Tabron*, 6 F.3d at 156; *see also Montgomery*, 294 F.3d at 502.

[15] (D.E. 8).

[16] (D.E. 10, Exhibit B).

2

setting forth his legal claims.[17] Mr. Niblack has also represented himself in several other proceedings in this District.[18]

Currently, it does not appear that Mr. Niblack's ability to pursue his claims and present his case are significantly impeded by his professed limitations. For the foregoing reasons, the first *Tabron* factor weighs against appointment.

   2. The Complexity of The Case

The second *Tabron* factor concerns the complexity of the particular legal issues. The Court has determined that Mr. Niblack has pled constitutional violations against various correctional officers based on retaliation.[19] The legal issues implicated by Mr. Niblack's Complaint relate to alleged civil rights violations.[20] At the present time, the Court does not find that the legal issues in this action are particularly difficult or complex, and they do not present any novel issues of law. Therefore, the second *Tabron* factor also weighs against appointment.

   3. The Degree to Which Factual Investigation Will be Necessary

The third *Tabron* factor is the degree to which factual investigation will be necessary and the ability of Mr. Niblack to pursue an investigation. Under this factor, courts "consider the extent to which prisoners and others suffering confinement may have trouble pursuing their claims."[21] However, at this early stage of the litigation, the degree of factual investigation necessary is unclear. Mr. Niblack has been intimately involved with the events surrounding and leading up to the filing of the complaint, and would presumably be capable of undertaking the necessary factual investigation. Moreover, nothing in the record indicates that Mr. Niblack's *pro se* status would inhibit him from conducting discovery. Therefore, the third *Tabron* factor weighs against appointment.

---

[17] (D.E. 1).

[18] *See Niblack et al v. Community Education Centers, Inc. et al*, No. 2:08-cv-4107-FSH-PS (D.N.J. Filed Aug. 13, 2008); *Niblack v. Albino et al*, No. 1:09-cv-428-RBK-KMW (D.N.J. Filed Jan. 30, 2009); *Niblack et al v. Hayman et al*, No. 2:09-cv-3944-JLL-CCC (D.N.J. Filed Aug. 6, 2009); *Niblack v. Wackowski et al*, No. 3:09-cv-6227-AET-LHG (D.N.J. Filed Dec. 7, 2009); *Niblack v. Hayman et al*, No. 2:10-cv-1825-JLL-CCC (D.N.J. Filed Apr. 9, 2010); *Niblack v. Hope Hall et al*, No. 1:10-cv-2018-RBK-KMW (D.N.J. Filed Apr. 21, 2010); *Niblack v. Detective Anthony Murray et al*, No. 3:12-cv-6910-MAS-TJB (D.N.J. Filed Nov. 5, 2012); *Niblack v. Officer Lorenzo Pettway et al*, No. 3:13-cv-3740-JAP-DEA (D.N.J. Filed Jun. 17, 2013); *Niblack v. Pettway et al*, No. 3:14-cv-3883-MAS-DEA (D.N.J. Filed Jun. 17, 2014); *Niblack v. Malbreen et al*, No. 3:15-cv-5298-MAS-LHG (D.N.J. Filed July 7, 2015); *Niblack v. University of Medicine and Dentistry of New Jersey et al*, No. 2:15-cv-7022-JLL-SCM (D.N.J. Filed Sept. 11, 2015); *Niblack v. Gould et al*, No. 1:16-cv-494-RBK-JS (D.N.J. Filed Jan. 28, 2016); *Niblack v. Rutgers University et al*, No. 2:16-cv-504-JMV-JBC (D.N.J. Filed Jan. 28, 2016); *Niblack v. Rutgers University et al*, No. 3:16-cv-509-MAS-LHG (D.N.J. Filed Jan. 28, 2016); *Niblack v. University Correctional Healthcare et al*, No. 2:16-cv-1087-JLL-JAD (D.N.J. Filed Feb. 25, 2016).

[19] (D.E. 1).

[20] (*See generally, id.*).

[21] *Tabron*, 6 F.3d at 156.

4. <u>The Extent to Which the Case is Likely to Turn on Credibility Determinations</u>

The fourth *Tabron* factor is the extent to which the case is likely to turn on credibility determinations. This matter may hinge on the credibility of Mr. Niblack or the defendants, and whom a jury would believe. However, because the factors overall weigh against appointment, it is unnecessary to further evaluate the potential credibility issues.

5. <u>Whether the Case Will Require Testimony from Expert Witnesses</u>

The fifth *Tabron* factor inquires whether the case will require testimony from expert witnesses. At this juncture, it is unclear whether expert testimony will be required. This is a civil rights case concerning alleged retaliation.[22] Given the nature of Plaintiff's allegations, it appears unlikely that Plaintiff's claims would require expert testimony. Rather, the case appears to depend more on the facts deduced rather than on any expert testimony. Therefore, the fifth *Tabron* factor does not support appointment.

6. <u>Mr. Niblack's Capacity to Retain Counsel on His Own Behalf</u>

Finally, the sixth *Tabron* factor is the Mr. Niblack's capacity to retain counsel on his own behalf. The Court acknowledges that as a *pro se* inmate, Mr. Niblack's may be of limited financial means. Notwithstanding, indigency alone, absent satisfaction of other *Tabron* post-threshold factors, does not warrant the appointment of counsel.[23]

The Court is, as always, sympathetic to any disadvantages of the parties that come before it. Accordingly, the Court will closely monitor the considerations raised by Mr. Niblack's request throughout case management and, as the case moves forward, it may exercise its discretion to appoint counsel *sua sponte* should any of the above discussed considerations change.[24]

As the *Tabron* factors weigh against appointment at this time, the Court will deny Mr. Niblack's application.

**SO ORDERED.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

7/14/2016 1:29:17 PM

---

[22] (D.E. 1).

[23] *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410 (D.N.J. 2002).

[24] *See Tabron*, 6 F.3d at 156; *Christy*, 216 F. Supp. 2d at 406.

4

c (via ECF):
All Counsel

c (via U.S. Mail R.R.R.):

Stanley L. Niblack, #923038A/769213
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302