# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
### STEVEN C. MANNION
**United States Magistrate Judge**

**Martin Luther King Jr, Federal Bldg.**
**& U.S. Courthouse**
**50 Walnut Street**
**Newark, NJ 07102**
**(973) 645-3827**

April 28, 2017

### LETTER OPINION-ORDER

Re:    **Niblack v. Miglio, et al., D.E. 47, 48**
         **Civil Action No. 16-cv-747 (MCA)(SCM)**

Dear Litigants:

Before this Court is *pro se* Plaintiff Stanley L. Niblack's ("Mr. Niblack") request for leave to compel discovery[1] and Defendants DHO Christy Ralph ("Ms. Ralph") and Alexander Solanik's ("Mr. Solanik") request that the Court accept written deposition responses *in lieu* of interrogatory responses.[2] The Court has reviewed the parties' submissions and decides this issue without oral argument. For the reasons set forth below, Mr. Niblack's request for leave to compel discovery is denied without prejudice[3] and Defendants Ralph and Solanik's request that the Court accept written deposition responses is also denied.[4]

---

[1] (ECF Docket Entry No. ("D.E.") 47).

[2] (D.E. 48).

[3] (D.E. 47).

[4] (D.E. 48).

## DISCUSSION

I.     The Controlling Scheduling Order

The Federal Rules of Civil Procedure must be construed by the Court and the parties to secure "the just, speedy, and inexpensive determination of every action and proceeding."[5] A Court's pretrial order "controls the course of the action unless the court modifies it."[6] The Court maintains control over the schedule to expedite disposition of the action and to discourage wasteful pretrial activities.[7] Discovery disputes are therefore handled informally as prescribed by the Scheduling Order.

The Court set forth the protocol for informally raising discovery disputes in its Initial Scheduling Order which provided:

> Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes before seeking the Court's intervention. Should informal efforts fail to resolve the dispute, the matter shall be brought to the Court's attention via a joint letter that sets forth: (a) the specific discovery requested; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; including citations to appropriate caselaw; and (e) why the responding party believe the response is sufficient.[8]

It further provided that "[f]ailure by any party to meet and confer in good faith, or to participate in the joint-letter protocol described above, absent good cause, will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute."[9]

---

[5] Fed. R. Civ. P. 1.

[6] Fed. R. Civ. P. 16(d).

[7] Fed. R. Civ. P. 16(a).

[8] (D.E.7, Scheduling Order at ¶ 5).

[9] (*Id.*).

The Amended Scheduling Order reiterates the same. It provides:

> 2. No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court. Should any informal efforts fail, the dispute shall immediately be brought to the Magistrate Judge's attention via dispute letter(s) filed on ECF not to exceed 4 pages that attaches or sets forth: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believe the response is sufficient. Courtesy copies of exhibits should be mailed to chambers. If the dispute is complex and requires the filing of briefs and affidavits, counsel may separately file and mail same. No further submissions regarding the dispute may be submitted without leave of Court.[10]

## II. Noncompliance with Discovery Dispute Protocol

Mr. Niblack has written numerous letters complaining of discovery deficiencies following the Court's March 8 Letter Order requiring Defendants Anna Miglio, James McDonnell, James Hunsicker, Jonathon Henson, Ms. Ralph, and Mr. Solanik (hereinafter "State Defendants") to provide copies of their respective interrogatory responses within fourteen days.[11] Interrogatory responses for Ms. Miglio, Mr. McDonnell, Mr. Hunsicker, and Mr. Henson, were provided by letter dated January 6, 2017.[12] On March 7, 2017, Ms. Ralph, Mr. Solanik, and Mr. Henson delivered responses to written deposition questions, and on March 10, 2017, Ms. Miglio, Mr. McDonnell, and Mr. Hunsicker provided the same.[13] Ms. Ralph and Mr. Solanik deny receiving interrogatory requests and ask that their deposition responses be accepted *in lieu* of interrogatory

---

[10] (D.E. 45, Am. Scheduling Order at ¶ 2).

[11] (D.E. 46).

[12] (D.E. 48-1, Ex. A, Defs.' January 6 Responses).

[13] (D.E. 48-2, Ex. B, Defs.' March Responses).

responses.[14]    Mr. Niblack objects.[15]    In the same letter, he acknowledges receipt of the State Defendants' discovery responses filed with the Court.[16]

After review of Mr. Niblack's numerous letters complaining of discovery deficiencies, the Court denies his request for leave to file a motion to compel without prejudice.  Mr. Niblack failed to abide by the Court's discovery dispute protocol set forth in the Initial and Amended Scheduling Orders. Instead, he wrote several letters complaining of untimely or non-existent responses to his discovery requests.[17]   For example, on March 13, 2017, Mr. Niblack wrote that although he served the State Defendants with written deposition questions prior to January 31, 2017, he had not received responses.[18]   It appears that Mr. Niblack mailed his March 13 letter to the Court at the same time the State Defendants delivered their responses to him.[19]

In the same letter, Mr. Niblack complained that he had not received answers to interrogatories "for over 5 or 6 months" from "Defendants Christy Ralph, Anna Miglio, James McDonnell, James Hunsicker, Jonathon Henson, and Alexander Solanik."[20]   These letters lack proof of service and copies of the interrogatory demands purportedly served upon the State

---

[14] (D.E. 48).

[15] (D.E. 51).

[16] Mr. Niblack's most recent correspondence complains about the insufficiency of interrogatory and written deposition responses. These issues are not ripe for resolution and will not be addressed here. Mr. Niblack must follow the discovery dispute protocol prior to seeking the Court's intervention.

[17] (*See* D.E. 47, 49, 50, 51).

[18] (D.E. 49).

[19] (*See* D.E. 48-1, Ex. B, Defs.' March Responses).

[20] (D.E. 49).

Defendants which is critical for two reasons. First, Ms. Ralph and Mr. Solanik deny receiving the requests. Second, without such documentation the Court is hindered from securing "the just, speedy, and inexpensive determination" of the pending dispute.[21] Due to Mr. Niblack's failure to follow the Amended Scheduling Order, the Court remained unaware of the outstanding discovery requests until the State Defendants were ordered to file copies of their responses on the docket. The Court is mindful of the delays associated with Mr. Niblack's inability to electronically file documents and receive notifications; however, any delay in obtaining relief falls upon him and would not be alleviated by the ability to file formal discovery motions.[22] Mr. Niblack is to follow the protocol set forth in Paragraph 2 of the Amended Scheduling Order, and his request for leave to file a motion to compel will be denied at this time.[23]

Ms. Ralph and Mr. Solanik's request that the Court accept their written deposition responses *in lieu* of interrogatory responses is also denied. Mr. Niblack's most recent letter states that he will provide the Court with copies of the interrogatories served on Ms. Ralph and Mr. Solanik.[24] To the extent that Mr. Niblack's *pro se* status allows, the parties shall meet and confer regarding this issue. If the dispute is complex, the State Defendants may file separate briefs and affidavits. No further submissions regarding this dispute shall be submitted without leave of Court.[25]

---

[21] Fed. R. Civ. P. 1.

[22] (*See* D.E. 51).

[23] Mr. Niblack shall also follow ¶ 2 of the Amended Scheduling Order with regard to his complaints about a lack of responses to document demands and requests for admissions.

[24] (D.E. 51, Niblack March 24, 2017 Letter).

[25] (D.E. 45, Am. Scheduling Order at ¶ 2).

An appropriate Order follows:

## ORDER

**IT IS** on this Friday, April 28, 2017,

1. **ORDERED**, that Plaintiff Niblack's request for leave to file a motion to compel is **denied** without prejudice; and it is further

2. **ORDERED**, that Defendant Ralph and Solanik's request that the Court accept written deposition responses in lieu of interrogatory responses is **denied** without prejudice;

3. **ORDERED**, that the fact end date is extended to August 31, 2017; and it is further

4. **ORDERED**, that the Clerk of the Court shall provide a copy of this Order to Plaintiff Niblack.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

4/28/2017 8:26:00 AM

Original: Clerk of the Court
Hon. Madeline Cox Arleo, U.S.D.J.
cc: All parties
     File

Stanley L. Niblack, #923038A/769213
Albert M. "Bo" Robinson House (H-12B)
377 Enterprise Avenue
Trenton, New Jersey 08638