UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| NIBLACK, <br><br> Plaintiff, <br> v. <br><br> MIGILIO, et al., <br><br> Defendants. | Civil Action No. <br><br> **OPINION & ORDER ON DISCOVERY DISPUTE** <br><br> 2:16-CV-00747-MCA-SCM <br><br> **[D.E. 82]** |

**Steven C. Mannion**, United States Magistrate Judge.

Before this Court is Plaintiff, Stanley Niblack's ("Mr. Niblack") informal motion to compel interrogatory responses from Defendants Christy Ralph ("Ms. Ralph") and Alexander Solanik ("Mr. Solanik"), and responses from all defendants (collectively the "State Defendants") to document requests and requests for admissions.[1] The State Defendants opposed.[2] The Court has reviewed the parties' respective submissions, and heard oral argument on February 2, 2018. For the reasons set forth on the record and herein, the motion is **granted in part and denied in part**.

---

[1] (ECF Docket Entry No. ("D.E.") 82, Mot. to Compel, Jan. 9, 2018). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 83, Def.'s Ltr., Jan. 17, 2018).

I.  **BACKGROUND AND PROCEDURAL HISTORY**[3]

Mr. Niblack filed this civil rights action in state court against Defendants SCO Anna Miglio, Ms. Ralph, Sergeant James McDonnell, Lieutenant James Hunsicker, Sergeant Jonathon Hinson, Mr. Solanik, John Powell, Kenya Collins, and Gary Lanigan.[4] The Court dismissed the claims against Mr. Lanigan, Mr. Powell, and Ms. Collins, so any discovery disputes involving these defendants are moot.[5]

Over the course of 2017, Mr. Niblack submitted a plethora of letters complaining about the State Defendants' respective responses to his discovery demands.[6] These disputes were not raised in the manner required by the Scheduling Order, and the Court therefore issued two orders denying Mr. Niblack's requests without prejudice, while providing the language from the Scheduling Order which describes the appropriate procedure for raising such disputes.[7] After a conference in December 2017, the Court issued another order, which called for the parties to submit any remaining discovery disputes, and to include the specific requests and responses, and a description of the parties' efforts to resolves the disputes, as required by the Scheduling Order.[8] Mr. Niblack then filed the present informal motion and included copies of the at-issue interrogatories, document

---

[3] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[4] (D.E. 1, Notice of Removal). Mr. Lanigan removed this action to this Court on February 11, 2016.

[5] (D.E. 44, Order, Feb. 28, 2017).

[6] (*See, e.g.*, D.E. 49, Pl.'s Ltr., Mar. 22, 2017; D.E. 62, Pl.'s Ltr., June 12, 2017; D.E. 71, Pl.'s Ltr., July 20, 2017).

[7] (D.E. 55, Order, Apr. 28, 2017; D.E. 72, Order, July 26, 2017).

[8] (D.E. 80, Order, Dec. 13, 2017).

requests, and requests for admissions.[9] He seeks to compel responses from all defendants to his document requests and requests for admissions, as well as responses from Ms. Ralph and Mr. Solanik to his interrogatories.[10] The Defendants then filed their opposition, and the Court heard oral argument on February 2, 2018. For the reasons stated on the record during oral argument, the Court struck the requests for admission directed to Ms. Ralph, and Mr. Niblack then withdrew his remaining requests for admission.[11]

## II. <u>MAGISTRATE JUDGE AUTHORITY</u>

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[12] This District specifies that magistrate judges may determine all non-dispositive pre-trial motions which includes discovery motions.[13] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[14]

## III. <u>LEGAL STANDARD, DISCUSSION & ANALYSIS</u>

Mr. Niblack seeks an order compelling responses to his interrogatories directed to Ms. Ralph;[15] interrogatories directed to Mr. Solanik;[16] and requests for the production of documents

---

[9] (D.E. 82, Mot. to Compel, Jan. 9, 2018).

[10] (D.E. 82, Mot. to Compel, Jan. 9, 2018).

[11] The withdrawn requests constituted pages 42-61 of this informal motion to compel. (D.E. 82, Mot. to Compel, Jan. 9, 2018, 42-61).

[12] 28 U.S.C. § 636(b)(1)(A).

[13] L. Civ. R. 72.1(a)(1); 37.1.

[14] 28 U.S.C. § 636(b)(1)(A).

[15] (D.E. 82, Mot. to Compel, Jan. 9, 2018, 33 – 37).

[16] (D.E. 82, Mot. to Compel, Jan. email 9, 2018, 38 – 41).

directed to all defendants.[17] Ms. Ralph and Mr. Solanik deny having received the interrogatory requests.[18] With respect to the document requests, counsel for the State Defendants stated at oral argument that his clients do not have access to the documents of the New Jersey Department of Corrections ("NJDOC"), which constitute the bulk of documents responsive to the at-issue document requests.[19]

Responses to interrogatories are due "within 30 days of being served with interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."[20] Whether Ms. Ralph and Mr. Solanik ever previously received the interrogatory requests is debatable, but it is clear that their counsel received them once they were filed on the docket.[21] Accordingly, the Court grants Mr. Niblack's informal motion to compel responses to his interrogatories from Ms. Ralph and Mr. Solanik. The responses shall be provided within thirty (30) days of oral argument on February 2, 2018.

Responses to document requests are also due within 30 days or as otherwise stipulated to under Rule 29 or ordered by the court.[22] The recipient of a document request must produce "all relevant documents in his 'possession, custody, or control.'"[23]

---

[17] (D.E. 82, Mot. to Compel, Jan. 9, 2018, 62 – 65).

[18] (D.E. 48, Def.'s Ltr., Mar. 20, 2017).

[19] (Oral Arg., Feb. 2, 2018).

[20] Fed.R.Civ.P. 33(b)(2).

[21] (D.E. 82, Mot. to Compel, Jan. 9, 2018).

[22] Fed.R.Civ.P. 34(b)(2)(A).

[23] *Love v. New Jersey Dep't of Corrections*, 2017 W.L. 3477864 (D.N.J. 2017)(citing *Bryant v. Armstrong*, 285 F.R.D. 596, 603 (S.D. Cal. 2012) (quoting Fed. R. Civ. P. 34(a)(1)).

Here, Mr. Niblack seeks an order compelling the State Defendants to produce prison records and information that their counsel asserts are not in their possession, custody, or control.[24] This Court recently explained that,

> [The party seeking discovery] must show that the [individual prison defendants], through their attorney or otherwise, have control over the at-issue prison records and information....[25]
>
> Many employees have some responsibility to create records or reports for their employer. If a party possesses copies of their employer's records at home or outside of their workplace, they are obligated to produce responsive records.[26] If instead, the employee merely has access to his employer's records at work, such access alone does not equate with possession, custody, or control over the records.[27] The same applies to a government employee who "cannot on his own initiative remove government files and provide them to a third party."[28]
>
> "Control," however, is broadly construed."[29] Some courts have interpreted Rule 34 to require production where the party "has the practical ability to obtain the documents from another, irrespective of his legal entitlement to the documents."[30] "Factors to be considered on the question of practical ability to obtain documents from a nonparty include 'the existence of cooperative agreements ... between the responding party and the non-party, the extent to which

---

[24] *Cordero v. Warren*, 2016 WL 8199305, at *2 (D.N.J. Oct. 4, 2016) (individual state employees did not have control over State records), *aff'd*, 2017 WL 2367049 (D.N.J. May 31, 2017) (internal quotation marks and brackets omitted).

[25] *Love v. New Jersey Dep't of Corrections*, 2017 W.L. 3477864 (D.N.J. 2017); *Union of Petroleum & Indus. Workers*, 870 F.2d at 1452; *Bryant*, 285 F.R.D. at 607.

[26] *See id.*

[27] *Love*, 2017 W.L. 3477864 (citing *In re Grand Jury Subpoena*, 646 F.2d 963, 969 (5th Cir. 1981)).

[28] *Id. (citing Lowe*, 250 F.R.D. at 39).

[29] *Id. (citing Bryant*, 285 F.R.D. at 603).

[30] *Id. (citing Golden Trade, S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 525 (S.D.N.Y. 1992)).

the non-party has [a] stake in the outcome of the litigation, and the non-party's history of cooperating with document requests.'"[31]

Here, each of the defendants is a State employee being represented by the State Attorney General's Office. Therefore, the State has the same interest in the outcome of this litigation as it did in *Love*.

Unlike *Love*, however, Mr. Niblack has not shown the existence of any cooperative agreement between the responding parties and the State in this case to provide access to its documents. The *Love* plaintiff showed the voluntary cooperation by the State with the defense in that case through the voluntary and unilateral production of the plaintiff's medical records without the plaintiff's knowledge. Here, Mr. Niblack asserted at oral argument that one of the individual State Defendants had produced Department records, but Mr. Niblack has not yet identified such discovery to the Court. Therefore, Mr. Niblack has not yet met his burden to prove that the State Defendants have practical control over any Department records.

Until then, each of the State Defendants must produce whatever responsive documents are within their respective possession, custody, or control, or must "state with specificity the grounds for objecting to [a] request, including the reasons."[32]

An appropriate Order follows:

---

[31] *Id. (citing Benisek v. Lamone*, No. 13-3233, 2017 WL 570312, at *2 (D. Md. Feb. 13, 2017) (quoting *Gross v. Lunduski*, 304 F.R.D. 136, 142 (W.D.N.Y. 2014)).

[32] Fed. R. Civ. P. 34(b)(2)(B).

# ORDER

**IT IS** on this Tuesday, February 20, 2018,

1. **ORDERED**, that Plaintiff Niblack's informal motion to compel is **GRANTED in part and DENIED in part;** and it is further

2. **ORDERED**, that Defendants Christy and Solanik shall respond to Plaintiff Niblack's interrogatories by March 4, 2018; and it is further

3. **ORDERED**, that all Defendants shall respond to Plaintiff Niblack's request for production by March 4, 2018; and it is further

4. **ORDERED**, that Plaintiff Niblack's motion to compel responses to requests for admissions is denied for the reasons stated on the record.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

2/20/2018 11:11:48 AM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File